Newmark Partners, L.P. v Singer
2026 NY Slip Op 03923
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Newmark Partners, L.P., Respondent,
v
Simon Singer et al., Appellants.

Decided and Entered: June 23, 2026
Index No. 659471/24|Appeal No. 6942-6943|Case No. 2025-06295, 2026-00711|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, O'Neill Levy, JJ.

Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellants.
Cantor Fitzgerald, New York (Allison Waks of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Anar Rathod Patel, J.), entered October 3, 2025, against defendants and in favor of plaintiff in the amount of $3,028,109.59, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about August 26, 2025, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendants' cross-motion to dismiss, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly declined to dismiss the complaint on the ground that Elchonon Schwartz is an indispensable party who should have been joined. Defendants moved to dismiss pursuant to CPLR 1001, which governs necessary joinder of parties; however, only section 1002, governing permissible joinder of parties, is relevant because Schwartz and defendants are jointly and severally liable under the Rescission and Settlement Agreement (see CPLR 1002[b]).
The court also properly held that the Rescission and Settlement Agreement (the Agreement) is an instrument for the payment of money only (CPLR 3213). Defendants unambiguously agreed that section 5.3 of the Agreement, the operative section that obligated them to make a settlement payment in certain defined installments, was "an Agreement for the payment of money only" and that "failure to make payment . . . shall entitle [plaintiff] to enforce the payment obligations . . . pursuant to . . . CPLR 3213." Accordingly, we need not determine whether section 5.3 would be considered an instrument for the payment of money only under applicable case law (see Marjan Intl. Corp. v Lillian August Designs, Inc., 225 AD3d 408, 408 [1st Dept 2024]).
Plaintiff made a prima facie case for recovery under CPLR 3213 by submitting, among other things, the affirmation of an attorney who had personal knowledge of the sums due, based on his involvement in negotiating the Agreement and monitoring compliance therewith. It also submitted its October 25, 2024 letter to defendants, setting forth the amounts paid by Schwartz and the Elchonon Schwartz Family Trust (the Schwartz Parties), as well as the bankruptcy trustee's clawback of $1.15 million of that sum.
[*2]
Defendants failed to identify any issue that would preclude summary recovery on the instrument. Their contention that section 4.2 of the Agreement is a standard merger clause that does not preclude their fraud defense is meritless. In section 4.2, defendants plainly covenanted that they had "not been influenced to any extent whatsoever in [entering into the Agreement] by any other Party or by any other person or entity, except for those representations, statements and promises expressly set forth" in the Agreement. Under Delaware law, which governs the Agreement, "a party cannot promise . . . that it will not rely on promises and representations outside of the agreement and then shirk its own bargain" (RAA Mgt., LLC v Savage Sports Holdings, Inc., 45 A3d 107, 117 [Del 2012]). A non-reliance clause such as section 4.2 also bars a claim of fraudulent omission or concealment (see Prairie Capital III, L.P. v Double E Holding Corp., 132 A3d 35, 51-53 [Del Ch 2015]).
In any event, defendants failed to raise a triable issue of fact as to their fraudulent inducement defense because they did not support the defense with competent evidence (see Woodbridge Vil. Assoc. v Goren, 188 AD2d 293, 293 [1st Dept 1992]; Chemical Bank v Alco Gems Corp.,151 AD2d 366, 368 [1st Dept 1989]).
Finally, plaintiff's and the Schwartz Parties' delivery of documents to each other was not a condition precedent to defendants' payment, nor did it alter their promise of payment; thus, these terms in other parts of the Agreement did not preclude CPLR 3213 treatment for section 5.3 (see Allied Irish Banks, PLC v Young Men's Christian Assn. of Greenwich, 36 Misc 3d 216, 220 [Sup Ct, NY County 2012], affd 105 AD3d 516 [1st Dept 2013]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026